1    Kelly M. Dermody (Cal. Bar No. 171716)
     Jahan C. Sagafi (Cal. Bar No. 224887)
2    Anne B. Shaver (Cal. Bar No. 255928)
     Jaron R. Shipp (Cal. Bar No. 264401)
3    LIEFF, CABRASER, HEIMANN &
       BERNSTEIN, LLP
4    275 Battery Street, 29th Floor
     San Francisco, CA 94111-3339
5    Telephone: (415) 956-1000
     Facsimile: (415) 956-1008
6    E-Mail: kdermody@lchb.com
     E-Mail: jsagafi@lchb.com
7    E-Mail: ashaver@lchb.com
     E-Mail: jshipp@lchb.com

8
     *Attorneys for Plaintiff and Class Members*

9
                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE DIVISION
11

12   MATTHEW BUCCELLATO, on behalf of       Case No. C10 - 00463
     himself and a class of those similarly
13   situated,
                                            **COMPLAINT FOR VIOLATIONS OF THE**
14                Plaintiff,                 **FAIR LABOR STANDARDS ACT, THE**
                                            **EMPLOYEE RETIREMENT INCOME**
15          v.                              **SECURITY ACT OF 1974, AND STATE**
                                            **WAGE AND HOUR LAWS; CLAIMS FOR**
16   AT&T Inc.,                             **DAMAGES, RESTITUTION AND**
                                            **INJUNCTIVE RELIEF**
17                Defendants.
                                            **COLLECTIVE ACTION**
18
                                            **CLASS ACTION**
19
                                            **DEMAND FOR JURY TRIAL**
20

21

22

23

24

25

26

27

28
                                                    CLASS AND COLLECTIVE ACTION COMPLAINT
                                                   FAIR LABOR STANDARDS ACT, EMPLOYEE
     852422.1                                RETIREMENT INCOME SECURITY ACT, & STATE LAW

Plaintiff Matthew Bucellato ("Plaintiff") alleges, on behalf of himself and a class of those similarly situated, as follows:

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and Section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1).

2.      This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

3.      In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state wage and hour law claims, because those claims derive from a common nucleus of operative fact.

4.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      The Northern District of California has personal jurisdiction over AT&T Inc. ("Defendant" or "AT&T"), because it maintains offices in this District, does business in California and in this district, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district and because a substantial part of the events giving rise to the claims occurred in this District.

7.      Intradistrict assignment:  Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San Jose Division is proper because a substantial part of the events that give rise to the claims asserted occurred in San Jose.

## SUMMARY OF CLAIMS

8. Plaintiff was employed by AT&T as a technical support worker. Technical support workers at AT&T have the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for AT&T. They were and/or are misclassified by AT&T as exempt from the overtime provisions of the FLSA and/or applicable state wage and hour laws, as described below.

9. Plaintiff brings this action on behalf of himself and all persons who were, are, or will be employed by AT&T nationwide as technical support workers with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware, including but not limited to Technical Architects, Senior Technical Architects, Principal Technical Architects, Technical Consultants, Network Engineers, IT Analysts, Testing Technicians, Communications Technicians, Electronic Technicians, Systems Technicians, Maintenance Administrators, Project Managers, Program Managers, and Business Managers of IT (collectively, the "Class Positions"), at any time within the three years prior to the filing of the initial Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by AT&T as exempt from overtime pay under federal law. This group is hereinafter referred to as the "Nationwide FLSA Plaintiffs."

10. Plaintiff also brings this action on behalf of all persons who were, are, or will be employed by AT&T in California in the Class Positions (hereinafter "the California Class"), at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "California Class Period"), and who were, are, or will be improperly misclassified as exempt from overtime pay under California law.

11. Plaintiff also brings this action on behalf of himself and all persons who were, are, or will be employed by Defendant nationwide in the Class Positions within the six years prior to this action's filing date through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be improperly classified as exempt from overtime pay under applicable state and federal laws, and who were, are, or will be covered by the AT&T Pension Plan ("the 401(k) Plan") (hereinafter "the ERISA Class").

CLASS AND COLLECTIVE ACTION COMPLAINT
FAIR LABOR STANDARDS ACT, EMPLOYEE
RETIREMENT INCOME SECURITY ACT, & STATE LAW

12.     At all relevant times, Defendant has been the plan sponsor of the 401(k) Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). On information and belief, Defendant has exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under the 401(k) Plan, thereby making it a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

13.     On information and belief, Defendant, at all relevant times, has been and continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the administrator of the 401(k) Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

14.     At all relevant times, Plaintiff was an employee of Defendant, within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and a participant in the 401(k) Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

15.     Defendant has unlawfully classified Plaintiff, Nationwide FLSA Plaintiffs, and the state Class members as exempt from overtime payments under federal and state laws, despite the fact that they should have been classified as nonexempt. Plaintiff, Nationwide FLSA Plaintiffs, and the state Class members worked overtime hours, as defined by the applicable federal and state laws, and are and have been entitled to premium compensation at the appropriate rate ("overtime compensation") for all overtime hours worked.

16.     Defendant has willfully refused to pay Plaintiff, Nationwide FLSA Plaintiffs, and the state Class members the required overtime compensation for overtime hours worked, and has failed to keep time records as required by law.

17.     Defendant has failed to keep records of Plaintiff's and the ERISA Class's overtime work. In doing so, Defendant has failed to comply with ERISA's requirement that they maintain records sufficient to determine benefits due or which may become due under the 401(k) Plan, as required under ERISA § 209, 29 U.S.C. § 1059.

852422.1

- 3 -

18.    Defendant has failed to credit Plaintiff and the ERISA Class for overtime work as Compensation under the 401(k) Plan. In doing so, Defendant has violated ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

19.    Defendant's practices violate the FLSA, ERISA, and the state laws pled herein. Plaintiff seeks injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Defendant, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## THE PARTIES

20.    Plaintiff Matthew Buccellato was employed by AT&T in San Jose, California from approximately February 2008 to November 2009 as a Technical Architect. Mr. Buccellato had the primary duties of installing, maintaining, and supporting computer software and/or hardware. He worked for AT&T in a Class Position during the FLSA Class Period, the ERISA Class Period, and the California Class Period. Mr. Buccellato worked hours in excess of forty hours per week and in excess of eight hours per day, without receiving overtime compensation as required by both California and federal law.

21.    Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b) and 256.

22.    Defendant AT&T is a corporation providing communications services throughout the United States and the world, with its corporate headquarters located in Dallas, Texas. The practices described herein were performed in and emanated from the San Jose office where AT&T employed Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

23.    Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Nationwide FLSA Plaintiffs.

24.    Plaintiff and Nationwide FLSA Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendant

1 AT&T's common practice, policy, or plan of unlawfully characterizing Nationwide FLSA

2 Plaintiffs as exempt employees and refusing to pay them overtime in violation of the FLSA.

3       25.     The First Claim for Relief for violations of the FLSA may be brought and

4 maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b),

5 since the claims of the Plaintiff are similar to the claims of the Nationwide FLSA Plaintiffs.

6       26.     The names and addresses of the Nationwide FLSA Plaintiffs are available

7 from AT&T's records. Notice should be provided to the Nationwide FLSA Plaintiffs via first

8 class mail, e-mail, and posting in the offices where they have worked as soon as possible.

9                    **CALIFORNIA CLASS ACTION ALLEGATIONS**

10      27.     Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Claims for

11 Relief for violation of California's wage and hour and unfair competition laws as a class action,

12 pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members,

13 defined in paragraph 10.

14      28.     The California Class is so numerous that joinder of all members is

15 impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the

16 California Class Period Defendant AT&T has employed at least fifty persons who satisfy the

17 definition of the California Class.

18      29.     Common questions of law and fact exist as to members of the California

19 Class, including, but not limited to, the following:

20            a.     Whether Defendant unlawfully failed to pay overtime compensation

21 in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*,

22 and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226,

23 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4-2001.

24            b.     Whether Plaintiff and the California Class members are nonexempt

25 employees entitled to overtime compensation for overtime hours worked under the overtime pay

26 requirements of California law;

27

28

c. Whether AT&T's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law and AT&T's policy and practice of failing to pay overtime to the California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

d. Whether AT&T unlawfully failed to keep and furnish California Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

e. Whether AT&T's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

f. The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

30. Plaintiff's claims are typical of the California Class members' claims. Plaintiff, like other California Class members, was subjected to AT&T's policy and practice of refusing to pay overtime in violation of California law. Plaintiff's job duties were typical of those of other California Class members.

31. Plaintiff will fairly and adequately represent and protect the interests of the California Class. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

32. Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because AT&T has acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the California Class members as a whole. Plaintiff and the California Class members are entitled to injunctive relief to end AT&T's common and uniform practice of failing to properly compensate its employees for all overtime work performed for the benefit of AT&T.

33. Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact

1   common to the California Class predominate over any questions affecting only individual

2   members of the California Class, and because a class action is superior to other available methods

3   for the fair and efficient adjudication of this litigation. AT&T's common and uniform policies

4   and practices unlawfully treat members of the California Class as exempt from overtime pay

5   requirements. The damages suffered by individual California Class members are small compared

6   to the expense and burden of individual prosecution of this litigation. In addition, class

7   certification is superior because it will obviate the need for unduly duplicative litigation that

8   might result in inconsistent judgments about AT&T's practices.

9           34.     Plaintiff intends to send notice to all members of the California Class

10  consistent with the requirements of Fed. R. Civ. P. 23.

11                  **ERISA CLASS ACTION ALLEGATIONS**

12          35.     Plaintiff brings the Seventh and Eighth Claims for Relief for violation of

13  ERISA as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(1), and/or (b)(2), on behalf of all

14  ERISA Class members, defined in paragraph 11.

15          36.     The ERISA Class is so numerous that joinder of all members is

16  impracticable. Plaintiffs are informed and believe that during the ERISA Class Period, Defendant

17  employed over 100 persons who satisfy the definition of the ERISA Class.

18          37.     Questions of law and fact common to the ERISA Class as a whole include,

19  but are not limited to, the following:

20                  a.      Whether Defendant failed and continues to fail to maintain accurate

21  records of actual time worked and wages earned by Plaintiff and the ERISA Class;

22                  b.      Whether Defendant failed and continues to fail to provide accurate

23  wage statements itemizing all actual time worked and wages earned by Plaintiff and the ERISA

24  Class;

25                  c.      Whether Defendant has violated and continues to violate ERISA

26  § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

27

28

852422.1                            - 7 -          CLASS AND COLLECTIVE ACTION COMPLAINT
                                                   FAIR LABOR STANDARDS ACT, EMPLOYEE
                                                   RETIREMENT INCOME SECURITY ACT. & STATE LAW

1

2         d.  Whether Defendant credited Plaintiff and the ERISA Class with all

Compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as

3    required by ERISA; and

4         e.  Whether Defendant violated ERISA's fiduciary standards by its

5    failure to credit Plaintiff and the ERISA Class with all Compensation which they were paid or

6    entitled to be paid for purposes of the 401(k) Plan, as required by ERISA.

7       38.  Plaintiff's claims are typical of those of the ERISA Class. Plaintiff, like all

8    other ERISA Class members, was subject to Defendant's policies and practices of failing to

9    record overtime worked and Defendant's policy and practice of failing to credit all overtime

10   compensation earned or owing as Compensation under the 401(k) Plan.

11      39.  Plaintiff will fairly and adequately represent and protect the interests of the

12   ERISA Class. Plaintiff has retained counsel competent and experienced in complex class actions

13   and ERISA.

14      40.  Class certification of the Seventh and Eighth Claims for Relief is

15   appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual

16   members of the class would, as a practical Matthewer, be dispositive of the interests of the other

17   members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on

18   grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive

19   relief with respect to the Plaintiff and the ERISA Class as a whole.

20      41.  Plaintiff intends to send notice to all members of the ERISA Class

21   consistent with the requirements of Fed. R. Civ. P. 23.

22

23   **FIRST CLAIM FOR RELIEF**
     **(Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.,**
     **Brought by Plaintiff on Behalf of**
24   **Himself and the Nationwide FLSA Plaintiffs)**

25      42.  Plaintiff, on behalf of himself and all Nationwide FLSA Plaintiffs,

26   realleges and incorporates by reference paragraphs 1 through 41 as if they were set forth again

27   herein.

28

852422.1          - 8 -      

43.     At all relevant times, AT&T has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, AT&T has employed, and continues to employ, "employee[s]," including Plaintiff, and each of the Nationwide FLSA Plaintiffs. At all relevant times, AT&T has had gross operating revenues in excess of $500,000.

44.     Attached hereto are the Consent to Sue forms signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs on this claim in the future.

45.     The FLSA requires each covered employer, including Defendant AT&T, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

46.     The Nationwide FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

47.     At all relevant times, AT&T, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Plaintiffs for their hours worked in excess of forty hours per week.

48.     By failing to compensate Plaintiff and the Nationwide FLSA Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, AT&T has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

49.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Nationwide FLSA Plaintiffs, AT&T has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51.     Plaintiff, on behalf of himself and the Nationwide FLSA Plaintiffs, seeks recovery of attorneys' fees and costs of action to be paid by AT&T, as provided by the FLSA, 29 U.S.C. § 216(b).

52.     Plaintiff, on behalf of himself and Nationwide FLSA Plaintiffs, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194, Brought by Plaintiff on Behalf of Himself and the California Class)

53.     Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 52 as if they were set forth again herein.

54.     California law requires an employer, such as Defendant, to pay overtime compensation to all nonexempt employees for all hours worked over forty per week, or over eight per day.

55.     Plaintiff and the California Class members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

56.     Throughout the California Class Period, and continuing through the present, Plaintiff and the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek. Plaintiff and certain California Class members also worked in excess of twelve hours in a workday.

57.     During the California Class Period, Defendant misclassified Plaintiff and the California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

58.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CLAIM FOR RELIEF**
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
**Brought by Plaintiff**
**on Behalf of Himself and the California Class)**

59.     Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 58 as if they were set forth again herein.

60.     California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

61.     Plaintiff and all California Class members who ceased employment with AT&T are entitled to unpaid compensation, but to date have not received such compensation.

62.     More than thirty days have passed since Plaintiff and certain California Class members left Defendant's employ.

63.     As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and California Class members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

CLASS AND COLLECTIVE ACTION COMPLAINT
FAIR LABOR STANDARDS ACT, EMPLOYEE
RETIREMENT INCOME SECURITY ACT, & STATE LAW

**FOURTH CLAIM FOR RELIEF**
(California Record-Keeping Provisions,
Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,
Brought by Plaintiff
on Behalf of Himself and the California Class)

64.     Plaintiff, on behalf of themselves and all members of the California Class,

realleges and incorporates by reference paragraphs 1 through 63 as if they were set forth again

herein.

65.     Defendant knowingly and intentionally failed to provide timely, accurate,

itemized wage statements including, *inter alia*, hours worked, to Plaintiff and California Class

members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure

caused injury to Plaintiff and California Class members, by, among other things, impeding them

from knowing the amount of wages to which they are and were entitled.  At all times relevant

herein, Defendant has failed to maintain records of hours worked by Plaintiff and California Class

members as required under Labor Code § 1174(d).

66.     Plaintiff and California Class members are entitled to and seek injunctive

relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek

the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual

damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one

hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FIFTH CLAIM FOR RELIEF**
(California Meal And Rest Period Provisions,
Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,
Brought by Plaintiff
on Behalf of Himself and the California Class)

67.     Plaintiff, on behalf of himself and all members of the California Class,

realleges and incorporates by reference paragraphs 1 through 66 as if they were set forth again

herein.

68.     Plaintiff and California Class members regularly work and have worked in

excess of five-hour shifts without being afforded at least a half-hour meal break in which they

were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-

2001, § 11(a).

852422.1                                     - 12 -          CLASS AND COLLECTIVE ACTION COMPLAINT
                                                            FAIR LABOR STANDARDS ACT, EMPLOYEE
                                                            RETIREMENT INCOME SECURITY ACT, & STATE LAW

69.   In addition, Plaintiff and California Class members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code §§ 226.7 and Wage Order No. 4-2001, § 12.

70.   As a result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

71.   As a result of Defendant's failure to afford proper rest periods, it is liable to Plaintiff and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 12(b).

**SIXTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 et seq.,**
**Brought by Plaintiff**
**on Behalf of Himself and the California Class)**

72.   Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 71 as if they were set forth again herein.

73.   The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

74.   Beginning at a date unknown to Plaintiff, but at least as long ago as four years before the filing of this action, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and the

California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and to the California Class.

75.    Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

    a.    The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

    b.    California Labor Code § 1194;

    c.    California Labor Code §§ 201, 202, 203, 204, and 226;

    d.    California Labor Code § 1174; and

    e.    California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

76.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

77.    The unlawful and unfair business practices and acts of Defendant, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

78.    Plaintiff, on behalf himself and the California Class members, seeks recovery of attorneys' fees and costs of this action to be paid by AT&T, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

79.     Plaintiff, on behalf of himself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

**SEVENTH CLAIM FOR RELIEF**
**(ERISA § 502(a)(3) Based on Failure to Maintain Records**
**Brought by Plaintiff**
**on Behalf of Himself and the ERISA Class)**

80.     Plaintiff, on behalf of himself and the ERISA Class, realleges and incorporates by reference paragraphs 1 through 79 as if they were set forth again herein.

81.     ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

82.     On information and belief, the 401(k) Plan is an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

83.     Pursuant to the terms of the 401(k) Plan, employees' rights to share in the contributions to the Plan are dependent, in part, on their compensation, which is defined by Section 1.1(j) of the Plan's governing instrument to include, among other things, employees' overtime wages.

84.     By its failure to record and/or report all of the hours worked by Plaintiff and members of the prospective ERISA Class, Defendant has failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of 401(k) Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

85.     In order to remedy this violation of ERISA by Defendant, Plaintiff on behalf of himself and members of the ERISA Class seeks injunctive relief, and such other

equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

86.    Plaintiff on behalf of himself and members of the ERISA Class seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

**EIGHTH CLAIM FOR RELIEF**
(ERISA §§ 1001 *et seq.*,
**Brought by Plaintiff**
**on Behalf of himself and the ERISA Class)**

87.    Plaintiff, on behalf of himself and the ERISA Class, realleges and incorporates by reference paragraphs 1 through 86 as if they were set forth again herein.

88.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such Matthewers would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

89.    On information and belief, the 401(k) Plan confers on Defendant discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in that regard.

90.    On further information and belief, Defendant has exercised actual discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited under the 401(k) Plan. By reason of the exercise of such discretion, Defendant has been a fiduciary of that plan with respect to the crediting of compensation.

91.    Defendant has breached its fiduciary duties by failing to credit compensation due for overtime performed by the Plaintiff and the members of the ERISA Class as compensation under the 401(k) Plan.

92.     Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Plaintiff on behalf of himself and all members of the ERISA Class seeks an injunction requiring Defendant to credit all members of the ERISA Class with Compensation under the 401(k) Plan for all of the past and future overtime work performed by those Class members and any such other equitable relief as this Court deems appropriate.

93.     Plaintiff, on behalf of himself and members of the ERISA Class, seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all members of the Nationwide FLSA Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the Nationwide FLSA Plaintiffs;

C.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.     An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.     Post-Judgment interest, as provided by law; and

H.     Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiff on behalf of himself and all members of the California Class, prays for relief as follows:

I. Certification of this action as a class action on behalf of the California Class;

J. Designation of Plaintiff as a Representative of the California Class;

K. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

L. Appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

M. Appropriate statutory penalties;

N. An award of damages, liquidated damages, and restitution to be paid by Defendant according to proof;

O. Pre-Judgment and Post-Judgment interest, as provided by law;

P. Such other injunctive and equitable relief as the Court may deem just and proper; and

Q. Attorneys' fees and costs of suit, including expert fees and costs.

WHEREFORE, Plaintiff on behalf of himself and all members of the ERISA Class, prays for relief as follows:

R. Certification of this action as a class action on behalf of the proposed ERISA Class;

S. Designation of Plaintiff as Representative of the ERISA Class;

T. A declaration that the practices complained of herein violate ERISA § 209(a), 29 U.S.C. § 1129(a);

U. Appropriate equitable and injunctive relief to remedy Defendant's violations of ERISA § 209(a);

---

852422.1        - 18 -     

1    V.    A declaration that Defendant has breached its fiduciary duties by failing to

2  credit the Plaintiffs and the ERISA Class with Compensation for all work performed, as required

3  by ERISA and the terms of the 401(k) Plan;

4    W.    An order requiring that Defendant remedy its breaches of fiduciary duty by

5  crediting Plaintiff and the ERISA Class with compensation for all of their past, present, and

6  future uncompensated work;

7    X.    Attorneys' fees and costs of suit; and

8    Y.    Such other injunctive and equitable relief as the Court may deem

9  necessary, just, and proper.

10                                                Respectfully submitted,

11

12  Dated: February 2, 2010

13                                          By: _____
                                                  Kelly M. Dermody
14

15                                          Kelly M. Dermody (Cal. Bar No. 171716)
                                            Jahan C. Sagafi (Cal. Bar No. 224887)
16                                          Anne B. Shaver (Cal. Bar No. 255928)
                                            Jaron R. Shipp (Cal. Bar No. 264401)
17                                          LIEFF, CABRASER, HEIMANN &
                                                  BERNSTEIN, LLP
18                                          275 Battery Street, 29th Floor
                                            San Francisco, CA 94111-3339
19                                          Telephone: (415) 956-1000
                                            Facsimile: (415) 956-1008
20                                          E-Mail: kdermody@lchb.com
                                            E-Mail: jsagafi@lchb.com
21                                          E-Mail: ashaver@lchb.com
                                            E-Mail: jshipp@lchb.com
22
                                            *Attorneys for Plaintiffs and the proposed Class*
23

24

25

26

27

28

852422.1                          - 19 -        CLASS AND COLLECTIVE ACTION COMPLAINT
                                                FAIR LABOR STANDARDS ACT, EMPLOYEE
                                                RETIREMENT INCOME SECURITY ACT, & STATE LAW

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Respectfully submitted,

Dated: February 2, 2010

By: _____
       Kelly M. Dermody

Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
Anne B. Shaver (Cal. Bar No. 255928)
Jaron R. Shipp (Cal. Bar No. 264401)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com
E-Mail: ashaver@lchb.com
E-Mail: jshipp@lchb.com

*Attorneys for Plaintiff and Class Members*

852422.1

- 20 -

CLASS AND COLLECTIVE ACTION COMPLAINT
FAIR LABOR STANDARDS ACT, EMPLOYEE
RETIREMENT INCOME SECURITY ACT, & STATE LAW