Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
Anne B. Shaver (Cal. Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com
E-Mail: ashaver@lchb.com

Adam T. Klein (admitted *pro hac vice*)
Justin M. Swartz (admitted *pro hac vice*)
Rachel M. Bien (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY  10016
Telephone:  (212) 245-1000
Facsimile:   (212) 977-4005
E-Mail: atk@outtengolden.com
E-Mail: jms@outtengolden.com
E-Mail: rmb@outtengolden.com

*Attorneys for Plaintiffs and Class Members*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW BUCCELLATO, KEVIN WEIGUM, RICHARD MALCONTENTO, KENNETH CARLTON, and MARY SOTO, on behalf of themselves and classes of those similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AT&T OPERATIONS, INC.,<br><br>　　　　　　　Defendant. | No.  C10-00463-LHK<br><br>[~~PROPOSED~~] **ORDER GRANTING MOTION FOR ORDER GRANTING AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND AWARD OF CLASS REPRESENTATIVE SERVICE PAYMENT** |

1  WHEREAS, the Court considered the Joint Stipulation of Class Settlement and Settlement Agreement ("Settlement Agreement") (Docket No. 51, Exhibit 1), and preliminarily approved the same on February 17, 2011;

WHEREAS, the Court entered an Order directing that notice be disseminated to the Class Members (Docket Nos. 54 & 59), and notice was disseminated properly in accordance therewith, including individual mailing of the notice to the Class Members;

WHEREAS, the Court conducted a Fairness Hearing concerning the proposed settlement; and

WHEREAS, the Court reviewed Class Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Costs, and Award of Class Representative Service Payment; the Memorandum of Points and Authorities in Support of that motion; the declarations submitted in support thereof; and the entire record of this action; and for good cause appearing,

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this action, the Defendant, and the Class.

2. Notice of the requested award of attorneys' fees, reimbursement of costs and expenses, and award of class representative service payment was directed to Class Members in a reasonable manner, and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

3. Class Members and any party from whom payment is sought have been given the opportunity to object in compliance with Fed. R. Civ. P. 23(h)(2).

4. The requested award of $3,125,000 in attorneys' fees is reasonable under the percentage of the common fund method, as it is equal to this Circuit's benchmark of 25 percent. *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec. Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989); *see also In re Omnivision Techs., Inc.*,

1  No. C-04-2297 SC, 2007 WL 4293467, at *10 (N.D. Cal. Dec. 6, 2007) ("[I]n most common fund cases, the award exceeds that [25%] benchmark").  The Court reaches this conclusion based on attorneys' fees awards issued in similar cases, and the fact that the common fund of $12,500,000 was created for Class Members through the efforts of Class Counsel.  *See, e.g., In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming award of 33% of $12 million common fund); *In re Activision Sec. Litig.*, 723 F. Supp. at 1375 (awarding 32.8% of $3.5 million common fund); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming award of one-third); *In re Public Serv. Co. of New Mexico*, No. 91-0536M, 1992 WL 278452, at *1, at *12 (S.D. Cal. July 28, 1992) (awarding one-third); *Antonopulos v. N. Am. Thoroughbreds, Inc.*, No. 87-0979G(CM), 1991 WL 427893, at *1, *4 (S.D. Cal. May 6, 1991) (awarding one-third); *In re M.D.C. Holdings Sec. Litig.*, No. CV89-0090 E (M), 1990 WL 454747, at *1, *10 (S.D. Cal. Aug. 30, 1990) (awarding 30%); *see also In re Xcel Energy, Inc., Securities, Derivative & "'ERISA" Litig.*, 364 F. Supp. 2d 980, 998 (D. Minn. 2005) (citing common fund fee awards of 25%-36% in 11 class action settlements in the 8th Circuit); *In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494, 498 (D.D.C. 1981) (awarding 45% of $7.3 million common fund).

       5.     The requested fee award is also reasonable under the lodestar method.  The Court has reviewed the hours devoted to this case by Class Counsel and their rates and concludes that they are reasonable.  The resulting multiplier of 4.3 is reasonable in light of the time and labor required, the difficulty of the issues involved, the requisite legal skill and experience necessary, the excellent and quick results obtained for the Class, the contingent nature of the fee and risk of no payment, and the range of fees that are customary.  *Vizcaino*, 290 F.3d at 1052-54; *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming award with multiplier of 6.85); *see also* Newberg, *Attorney Fee Awards,* § 14.03 at 14-5 (1987) ("multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied."); *Rabin v. Concord Assets Group, Inc.*, No. No. 89 Civ. 6130 (LBS), 1991 WL 275757 (S.D.N.Y. 1991) (4.4 multiplier) ("In recent years multipliers of between 3 and 4.5 have become common.")

1  (internal quotations and citations omitted); *In re Xcel Energy, Inc., Securities, Derivative &*

2  *"ERISA" Litig.*, 364 F. Supp. 2d 980, 998-99 (D. Minn. 2005) (approving 25% fee, resulting in

3  4.7 multiplier); *In re Aremissoft Corp. Sec. Litig.*, 210 F.R.D. 109, 134-35 (D.N.J. 2002)

4  (approving 28% fee, resulting in 4.3 multiplier); *Maley v. Del Global Techs. Corp.*, 186 F. Supp.

5  2d 358, 371 (S.D.N.Y. 2002) (approving 33.3% fee, resulting in "modest multiplier of 4.65"); *Di*

6  *Giacomo v. Plains All Am. Pipeline*, Nos. 99-4137 & 99-4212, 2001 WL 34633373, at *10-11

7  (S.D. Fla. Dec. 19, 2001) (approving 30% fee, resulting in 5.3 multiplier); *Roberts v. Texaco,*

8  *Inc.*, 979 F. Supp. 185, 198 (S.D.N.Y. 1997) (5.5 multiplier); *Roberts v. Texaco*, 979 F. Supp. 185

9  (S.D.N.Y. 1997) (approving multiplier of 5.5); *Weiss v. Mercedez-Benz*, 899 F. Supp. 1297

10  (D.N.J. 1995) (approving multiplier of 9.3); *Weiss v. Mercedes-Benz of N. Am., Inc.*, 899 F. Supp.

11  1297, 1304 (D.N.J. 1995) (9.3 multiplier), *aff'd*, 66 F.3d 314 (3d Cir. 1995).

12      6.    The $30,786.15 in litigation costs and expenses incurred by Class Counsel have

13  been adequately documented and were reasonably incurred for the benefit of the Class.  The

14  Court finds that reimbursement of these costs and expenses is justified.

15      7.    The requested class representative service payments of $20,000 for Mr. Buccellato

16  and $5,000 each for Kevin Weigum, Richard Malcontento, Kenneth Carleton, and Mary Soto are

17  fair and reasonable in light of the time and effort the named Plaintiffs expended for the benefit of

18  the Class Members, as well as the risk accepted by initiating the litigation and publicly

19  representing the Class.  *See, e.g.*, *Glass v. UBS Financial Services, Inc.*, Case No. C-06-4068

20  MMC, 2007 WL 221862, at *16-17 (N.D. Cal. Jan. 26, 2007) ($25,000 each to four class

21  representatives); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995)

22  ($50,000 to one class representative); *Stevens v. Safeway, Inc.*, No. CV 05-01988, 2009 U.S. Dist.

23  LEXIS 17119, *34-37 (C.D. Cal. Feb. 25, 2008) ($20,000 and $10,000 to two class

24  representatives); *In Re Janney Montgomery Scott LLC Financial Consultant Litig.*, No. 06-3202,

25  2009 U.S. Dist. LEXIS 60790, at *35-37 (E.D. Pa. July 16, 2009) ($20,000 each to three class

26  representatives); *Wade v. Kroger Co.*, No. 3:01-CV-699, 2008 WL 4999171, at *13 (W.D. Ky.

1  Nov. 20, 2008) ($30,000 each to multiple class representatives); *Wright v. Stern*, 553 F. Supp. 2d
2  337, 342 (S.D.N.Y. 2008) ($50,000 each to 11 class representatives ); *In re Dun & Bradstreet*
3  *Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) ($35,000-55,000 each to
4  five class representatives).

**THE COURT HEREBY ORDERS:**

Class Counsel are hereby awarded attorneys' fees in the amount of $3,125,000, and reimbursement of costs and expenses in the amount of $30,786.15. Lead Plaintiff Matthew Buccellato is awarded $20,000, and named Plaintiffs Kevin Weigum, Richard Malcontento, Kenneth Carleton, and Mary Soto are each awarded $5,000 each.

IT IS SO ORDERED.

Dated:  June 30, 2011

*Lucy H. Koh*
The Honorable Lucy H. Koh
United States District Judge