1  Kelly M. Dermody (Cal. Bar No. 171716)
   Jahan C. Sagafi (Cal. Bar No. 224887)
2  Anne B. Shaver (Cal. Bar No. 255928)
   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
3  275 Battery Street, 29th Floor
   San Francisco, CA  94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:   (415) 956-1008
5  E-Mail: kdermody@lchb.com
   E-Mail: jsagafi@lchb.com
6  E-Mail: ashaver@lchb.com

7  *Attorneys for Plaintiffs and Class Members*

8              UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
9                 SAN JOSE DIVISION

10

11  MATTHEW BUCCELLATO, KEVIN          No.  C10-00463-LHK
    WEIGUM, RICHARD MALCONTENTO,
12  KENNETH CARLTON, and MARY          [PROPOSED] ORDER GRANTING FINAL
    SOTO, on behalf of themselves and classes   APPROVAL OF SETTLEMENT
13  of those similarly situated,
                                       Date:       June 30, 2011
14              Plaintiffs,            Time:       1:30 p.m.
                                       Courtroom:  4, 5th floor
15       v.                            Judge:      Hon. Lucy H. Koh

16  AT&T OPERATIONS, INC.,

17              Defendant.

18

19       On June 30, 2011, a hearing was held on the unopposed motion of Plaintiffs Matthew

20  Buccellato, Kevin Weigum, Richard Malcontento, Kenneth Carlton, and Mary Soto for final

21  approval of the class settlement; and on the separate motion of Plaintiffs and their counsel for

22  awards of the Class Representative Service Payments and the Class Counsel Attorneys' Fees and

23  Costs Payment.  Kelly M. Dermody, Jahan C. Sagafi, and Anne Shaver appeared for Plaintiffs; and

24  Thomas Geidt, appeared for AT&T.

25       The Parties have submitted their Joint Stipulation of Class Settlement and Class

26

1    Settlement Agreement (the "Settlement"), which this Court preliminarily approved in its February

2    17, 2011, order (the "Preliminary Approval Order").  In accordance with the Preliminary

3    Approval Order, Class Members have been given notice of the terms of the Settlement and the

4    opportunity to submit a claim form, comment on the settlement, and/or opt out of its provisions.

5    In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"),

6    AT&T has given the Attorney General of the United States and the appropriate state officials in

7    the states in which the Class Members reside timely notice of the Settlement.

8         Having received and considered the Settlement, the supporting papers filed by the Parties,

9    and the evidence and argument received by the Court at the final approval hearing on June 30,

10   2011, by means of this order (the "Final Approval Order") the Court grants final approval to the

11   Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

12               **Definitions**

13        1.    Except as otherwise specified herein, the Court for purposes of this Final

14   Approval Order adopts all defined terms set forth in the Settlement.

15               **Jurisdiction**

16        2.    This Court has jurisdiction over the subject matter of this litigation and all

17   related matters and all state and federal claims raised in this action and released in the Settlement,

18   and personal jurisdiction over AT&T and all Class Members (except for those who timely filed

19   opt out requests).  Specifically, this Court has federal question jurisdiction over this action

20   pursuant to 28 U.S.C. section 1331; section 16(b) of the Fair Labor Standards Act ("FLSA"), 29

21   U.S.C. § 216(b); and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §

22   1132(e)(1).

23        3.    This Court also has supplemental jurisdiction over all state-law claims

24   asserted by Plaintiffs because the state-law claims derive from a common nucleus of operative

25   fact and form part of the same case or controversy as those claims over which the Court has

26   primary jurisdiction.  *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related

[PROPOSED] ORDER GRANTING FINAL APPROVAL
                                                  CASE NO. C10-00463-LHK

1    state-law claims that "form part of the same case or controversy"); *United Mine Workers v.*

2    *Gibbs*, 383 U.S. 715, 726 (1996) (holding that federal courts have supplemental jurisdiction over

3    state law claims that arise from the same "common nucleus of operative fact" such that the parties

4    "would ordinarily be expected to try them all in one judicial proceeding").

5            4.      This Court also has jurisdiction to approve the Settlement's release of

6    claims by Class Members over which the Court has jurisdiction, even if the Court would not

7    independently have jurisdiction over those released claims.  *See Reyn's Pasta Bella, LLC v. Visa*

8    *USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d

9    1268, 1287-88 (9th Cir. 1992) ("[A] federal court may release not only claims alleged in the

10   complaint, but also state claims arising from the same nucleus of operative facts over which the

11   court would not have jurisdictional competence.")).

12                      **Dissemination of notice to Class Members**

13           5.      Pursuant to the Preliminary Approval Order, notice and an individualized

14   claim form was sent to each Class Member by first-class mail.  The notice was clear and

15   organized, following the model forms provided by the Federal Judicial Center at www.fjc.gov.

16   The notice materials informed Class Members of the terms of the Settlement, how their settlement

17   share would be calculated, an estimate of their expected settlement share, how to receive their

18   settlement share, how to challenge the pre-printed data provided by AT&T that would be used to

19   calculate their settlement share, their right to comment on (including object to) the Settlement or

20   opt out of the Settlement to pursue their claims individually, and their right to appear in person or

21   by counsel at the final approval hearing and be heard regarding approval of the Settlement.

22   Adequate periods of time were provided by each of these procedures.

23           6.      The Court finds and determines that this notice procedure afforded

24   adequate protections to Class Members and provides the basis for the Court to make an informed

25   decision regarding approval of the Settlement based on the responses of Class Members.  Notice

26   was accomplished in the manner prescribed by the Settlement.  The Court finds and determines

[PROPOSED] ORDER GRANTING FINAL APPROVAL
CASE NO. C10-00463-LHK

1   that the notice provided in this case was the best notice practicable, which satisfied the

2   requirements of law and due process.

3                              **Notice to attorneys general pursuant to CAFA**

4              7.       Pursuant to CAFA, within 10 days after the filing of the motion seeking

5   preliminary approval of the Settlement, AT&T served upon the Attorney General of the United

6   States and the appropriate state officials of the states in which the Class Members reside a notice

7   of the Settlement consisting of: a copy of the complaint in this action; a notice of the scheduled

8   judicial hearings in this class action; copies of the Settlement; the proposed Notice; and the names

9   of Class Members and their estimated proportionate share of the entire Settlement.  The Notice of

10  Settlement also invited comment on the Settlement.  This Final Approval Order is being entered

11  at least 90 days after the later of the dates on which the appropriate federal and state officials

12  were served with the notice of proposed settlement.

13             8.       The Court finds and determines that AT&T's notice of Settlement was

14  timely, adequate, and compliant with the statutory requirements of CAFA.  Accordingly, 28

15  U.S.C. section 1715(e) has no application to the Settlement.

16                              **Certification under Fed. R. Civ. P. 23 and the FLSA**

17             9.       For the reasons stated in the Preliminary Approval Order, this Court finds

18  and determines that the proposed Settlement Class, as defined in the definitions section of the

19  Settlement and in section II of its Preliminary Approval Order, meets all of the legal requirements

20  for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it

21  is hereby ordered that the Settlement Class is finally approved and certified as a Class for

22  purposes of settlement of this action.

23             10.      For the reasons stated in the Preliminary Approval Order, this Court finds

24  and determines that the action meets all of the legal requirements for certification as a collective

25  action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the three-year period preceding

26  the filing of Plaintiffs' complaint, and it is hereby ordered that the action is certified as a

[PROPOSED] ORDER GRANTING FINAL APPROVAL
                                                                    CASE NO. C10-00463-LHK

1    collective action for purposes of settlement of this action.

2            **Fairness**

3            11.     Pursuant to Rule 23(e), the Court further finds and determines that the

4    terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member

5    and that the Class Members who have not opted out will be bound by the Settlement, that the

6    Settlement is ordered finally approved, and that all terms and provisions of the Settlement should

7    be and hereby are ordered to be consummated.  The Court specifically finds that the Settlement is

8    rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and

9    duration of further litigation.  This Court also finds that the Settlement is the result of arms-length

10   negotiations between experienced counsel representing the interests of the Class Members and

11   AT&T, under the supervision of an experienced and independent third-party mediator, after

12   thorough factual and legal investigation.  *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003);

13   *Class Plaintiffs*, 955 F.2d at 1291.

14           12.     The Court finds and determines that the payments to be made to the Class

15   Members as provided for in the Settlement are fair and reasonable.  The proposed plan of

16   allocation bases each Class Member's recovery on (a) the number of weeks during the covered

17   period worked by the Class Member, (b) whether the Class Member worked in California, and (c)

18   whether the Class Member's annualized total compensation (salary plus bonus) was more or less

19   than $100,000.  The plan of allocation is rational.  The Court hereby gives final approval to and

20   orders the payment of those amounts be made to the claimants out of the $12,500,000 Settlement

21   Payment in accordance with the terms of the Settlement.

22           **Class Member response**

23           13.     The Court further finds that the response of the Class Members to the

24   Settlement supports settlement approval.  Of the 845 Class Members, 690 (81.7%) filed claims

25   and only 10 (1.2%) opted out of the Settlement.   No Class Member objected to the Settlement.

26

[PROPOSED] ORDER GRANTING FINAL APPROVAL
CASE NO. C10-00463-LHK

**Appointment of Class Representative; service payment**

14.     The Court confirms as final the appointment of Plaintiffs Matthew Buccellato, Kevin Weigum, Richard Malcontento, Kenneth Carlton, and Mary Soto as the Class Representatives of the California, Colorado, New Jersey, New York, and North Carolina Rule 23 Classes, respectively, and Matthew Buccellato as Class Representative of the nationwide FLSA Class under section 16(b).  The Court finds and determines that the award of $20,000 to lead Plaintiff Matthew Buccellato, and $5,000 each to Kevin Weigum, Richard Malcontento, Kenneth Carlton, and Mary Soto, for their services as the Class Representatives, in addition to their individual Settlement Shares, is fair and reasonable.

15.     The Plaintiffs have satisfied the criteria as set forth in *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).  Under *Staton*, such awards should be evaluated using "'relevant factors, includ[ing] the actions the Plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, . . . the amount of time and effort the Plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s] of workplace retaliation.'" *Staton*, 327 F.3d at 977 (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)) (ellipses in original).  Here, Matthew Buccellato's initiation of the lawsuit caused him personal exposure and potential adverse consequences with future employers.  Plaintiffs' assertion of state law claims on behalf of their fellow Class Members tolled the statutes of limitations for those state law claims, to the benefit of the Class Members who worked or work in those states.  Furthermore, Class Counsel attests that Matthew Buccellato was substantially involved throughout the litigation, educating Class counsel regarding Class Members' job duties and AT&T's policies and procedures.  He also attended the settlement negotiations.  Each of the Plaintiffs submitted a witness statement regarding his or her AT&T work experiences, which contributed to the settlement.  The Court hereby gives final approval to and orders that the Class Representative Payments as set forth herein be made to Plaintiffs out of the Qualified Settlement Fund in accordance with the terms of the Settlement.

- 6 -

**Appointment of Class Counsel; attorneys' fees and costs**

16.     The Court confirms as final the appointment of the following law firms and attorneys as class counsel ("Class Counsel") for the Rule 23 and FLSA Classes: Kelly M. Dermody and Jahan C. Sagafi of Lieff, Cabraser, Heimann & Bernstein LLP, and Justin M. Swartz of Outten & Golden, LLP.  The Court finds and determines that the payment of $3,125,000 in attorneys' fees and $30,786.15 in litigation costs and expenses, for a total payment of $3,155,786.15 to Class Counsel, is fair and reasonable and consistent with Ninth Circuit fee jurisprudence.  *See*, *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec. Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994).  The Court hereby gives final approval to and orders that that payment of that amount be made to Class Counsel out of the Qualified Settlement Fund in accordance with the terms of the Settlement.

**Settlement Administrator report**

17.     Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

**Release**

18.     By operation of the entry of this Final Approval Order and pursuant to the Settlement, all Participating Class Members are permanently barred from prosecuting against AT&T any Participating Class Member Released Claim as set forth in section XV of the Settlement.  The Court has reviewed the release in section XV of the Settlement and finds it to be fair, reasonable, and enforceable under Rule 23, the FLSA, and all other applicable law.

**Contingency on finality**

19.     If, for any reason, the Settlement ultimately does not become Final (as defined in the Settlement, section I(K)), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately

- 7 -     [PROPOSED] ORDER GRANTING FINAL APPROVAL
CASE NO. C10-00463-LHK

1 before the parties executed the Settlement; and nothing stated in the Settlement or any other

2 papers filed with this Court in connection with the Settlement will be deemed an admission of any

3 kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties

4 for any purpose in this action or in any other action.

5 **No admission of liability**

6        20.     The Parties entered into the Settlement solely for the purpose of

7 compromising and settling disputed claims.  AT&T in no way admits any violation of law or any

8 liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being

9 expressly denied by AT&T.  AT&T in no way admits that this action could have been properly

10 maintained as a collection action or a class action if it had not been settled.

11 **Final judgment and dismissal**

12        21.     By means of this Final Approval Order, this Court hereby enters final

13 judgment in this action, as defined in Federal Rule of Procedure 58(a)(1).

14        22.     Without affecting the finality of the Court's judgment in any way, the

15 Court retains jurisdiction over this matter for purposes of resolving issues relating to

16 interpretation, administration, implementation, effectuation and enforcement of the Settlement.

17 Nothing in this Final Approval Order will preclude any action to enforce the Parties' obligations

18 under the Settlement or under this order, including the requirement that AT&T make the

19 Settlement Payment in accordance with the terms of the Settlement.

20        23.     The Parties are hereby ordered to comply with the terms of the Settlement.

21        24.     This action is dismissed with prejudice, each side to bear its own costs and

22 attorneys' fees except as provided by the Settlement and the Court's orders.

23

24     Dated:    June 30, 2011                 _Lucy H. Koh_____

                                   The Honorable Lucy H. Koh
25                                    United States District Judge

26

[PROPOSED] ORDER GRANTING FINAL APPROVAL
CASE NO. C10-00463-LHK